**Opinion filed April 4, 2019**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-18-00162-CR & 11-18-00163-CR

_____

## GARY MARK BERRY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause Nos. 3021 & 3022**

## M E M O R A N D U M   O P I N I O N

Appellant, Gary Mark Berry, originally pleaded guilty to the offenses of possession of a controlled substance in a drug-free zone and tampering with physical evidence. Pursuant to the terms of the plea agreement in each cause, the trial court convicted Appellant, assessed his punishment at confinement for ten years and a $1,500 fine, suspended the imposition of the sentence, and placed Appellant on community supervision for five years. The State subsequently filed motions to revoke Appellant's community supervision. At a hearing on the motions, Appellant

pleaded true to all twelve of the State's allegations. The trial court found all of the State's allegations to be true, revoked Appellant's community supervision, and imposed a sentence of confinement for seven years in each cause. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw as counsel in both appeals. The motion is supported by a brief in which counsel professionally and conscientiously examines the records and applicable law and concludes that the appeals are frivolous. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of the record. Counsel advised Appellant of his right to review the record in each cause and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are frivolous.[1] We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment,

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

The motion to withdraw is granted in each cause, and the judgments of the trial court are affirmed.

PER CURIAM

April 4, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.